UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 12-221-DLB-HAI

VICKIE TUGGLE                                                                                          PLAINTIFF

vs.                              **MEMORANDUM OPINION AND ORDER**

GOODWILL INDUSTRIES OF KENTUCKY, INC.                              DEFENDANT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on Defendant Goodwill Industries of Kentucky, Inc.'s Supplemental Motion for Summary Judgment. (Doc. # 34). The relevant facts and procedural history are contained in the Court's December 23, 2014 Memorandum Opinion and Order, in which it granted summary judgment for Goodwill on Tuggle's state and federal age discrimination claims. (Doc. # 33).

Upon granting summary judgment, the Court exercised its discretion to retain jurisdiction over Tuggle's remaining state-law gender discrimination claim. (*Id.* at 17). With discovery closed and the Court recognizing no evidence of gender discrimination, it ordered the parties, pursuant to Fed. R. Civ. P. 56(f), to file supplemental briefs addressing whether that claim should also be dismissed. (*Id.*). The matter is now fully briefed and ripe for review. (Doc. ## 34, 35). Because there remains no evidence of gender discrimination, Goodwill's Motion for Summary Judgment is **granted**.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any

1

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of demonstrating that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party must cite to evidence in the record upon which "a reasonable jury could return a verdict" in its favor; a mere "scintilla of evidence" will not do. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-52 (1986). At summary judgment, a court "views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008).

## II. ANALYSIS

### A. Gender Discrimination

Ky. Rev. Stat. § 344.040 makes it unlawful for an employer: "to fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's . . . sex . . . ." Kentucky's civil rights statute is interpreted "consistent with the applicable federal anti-discrimination laws." *Williams v. Wal-Mart Stores, Inc.*, 184 S.W.3d 492, 495 (Ky. 2005).

A plaintiff can prove gender discrimination by producing either direct or circumstantial evidence. *White v. Columbus Metro. Hous. Auth.*, 429 F.3d 232, 238 (6th Cir. 2005). Direct evidence is evidence that "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* (quoting *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir.

2

1999)). No direct evidence of gender discrimination exists here.

When relying on circumstantial evidence, a plaintiff must first make a *prima facie* showing of discrimination. *Com. v. Solly*, 253 S.W.3d 537, 541 (Ky. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). If a plaintiff establishes her *prima facie* case, the burden shifts to the defendant to articulate a "legitimate nondiscriminatory" reason for its action. *Id.* If the defendant does so, the burden reverts back to the plaintiff to demonstrate that the stated reason is pretext for unlawful discrimination. *Id.*

In her Complaint, Tuggle brings gender discrimination claims based on Goodwill (1) terminating her and (2) not promoting her to one of two open Regional Donated Goods Manager (RDGM) positions.

### 1. *Goodwill did not terminate Tuggle because of her gender*

To establish a *prima facie* case of gender discrimination based on termination, a plaintiff must show that she (1) is a member of the protected class, (2) was qualified for the job, (3) was discharged, and (4) was replaced by a person outside the protected class. *Shazor v. Prof'l Transit Mgmt., Ltd.*, 744 F.3d 948, 957 (6th Cir. 2014).

In her complaint, Tuggle alleges that Goodwill terminated her from her Center Manager position because of her gender. (Doc. # 1 at ¶¶ 27, 38). Yet, Goodwill replaced her with another woman, Shanda Hall. (Doc. # 27 at 49). Tuggle does not dispute this. Because she offers no evidence to support prong four of her *prima facie* case, this claim fails.

### 2. *Goodwill's decision not to promote Tuggle was not based on gender*

To establish a *prima facie* case of gender discrimination based on failure to promote,

a plaintiff must demonstrate that "(1) she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and was denied the promotion; and (4) an individual of similar qualifications who was not a member of the protected class received the job at the time plaintiff's request for the promotion was denied." *White*, 429 F.3d at 240. As explained in this Court's December 23, 2014 Memorandum Opinion and Order, Tuggle applied for two RDGM positions for which she was likely qualified, yet did not receive the promotion. In her place, Goodwill hired one woman and one man, Christine Wilson and David Schult. (Doc. # 22-7 at 36-37). Based on Schult's promotion over her, Tuggle has established a *prima facie* case.

In response, Goodwill has offered a legitimate reason for promoting Schult over Tuggle: he interviewed better. (Doc. # 34 at 3). Goodwill's explanation is substantiated by the interview committee's notes (Doc. # 34-1) and by the deposition of Krystel Fryman, who ultimately made the hiring decision (Doc. # 27 at 34-39). It is legitimate, nondiscriminatory, and common practice to make a hiring decision based on interview performances. *See Plumb v. Potter*, 212 F. App'x 472, 479 (6th Cir. 2007); *Toledo v. Jackson*, 207 F. App'x 536, 537 (6th Cir. 2006) ("HUD then articulated a legitimate, non-discriminatory reason for its decision to hire Schneller, namely that Schneller interviewed better . . . .").

Because Goodwill has articulated a nondiscriminatory reason for hiring Schult, the burden shifts to Tuggle to prove pretext. A plaintiff can prove pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the employer's conduct, or (3) is insufficient to warrant the challenged conduct. *White*, 429 F.3d at 245. In a failure to promote case, a plaintiff can also establish pretext by showing that she is either (1) "a plainly superior candidate, such that no reasonable employer would have

4

chosen" the other applicant, or (2) "as qualified as if not better qualified than the successful applicant, and the record contains other probative evidence of discrimination." *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 815 (6th Cir. 2011) (internal quotation marks and citations omitted). Regardless of which method a plaintiff uses, she "retains the ultimate burden of producing sufficient evidence from which the jury could reasonably reject [the defendant's] explanation and infer that the defendant[] intentionally discriminated against h[er]." *Johnson v. Kroger Co.*, 319 F.3d 858, 866 (6th Cir. 2003) (citation omitted).

Tuggle first argues that the interview performances are "insufficient to explain the action." (Doc. # 35 at 4). A plaintiff making this argument generally must point to evidence that employees not in the protected class were treated differently despite "substantially identical conduct." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). Tuggle suggests that her and Schult's conduct was similar because they both "arrived to interview for the same job and answered (hopefully) the same questions." (Doc. # 35 at 4). Tuggle has no doubt made an observation that typically occurs whenever two or more people interview for an open position, but in doing so has not created an inference that Goodwill engaged in gender discrimination. Had Tuggle performed similarly to Schult in her interview, that would be the kind of "identical conduct yet dissimilar treatment" that may lead to an inference of discriminatory motive – but those are not the facts.

Based on the record, no reasonable juror could conclude that Tuggle's and Schult's interview performances are insufficient to explain Goodwill's hiring decision. Krystel Fryman organized a three-person interview committee (comprised entirely of woman) to make a recommendation on whom she should hire. (Doc. # 27 at 34-39). The committee gave Schult a 23 on his interview, noting that he gave "great responses to interview

5

questions" and demonstrated the "ability to perform all qualifications." (Doc. # 34-1 at 5). Meanwhile, the committee gave Tuggle a 15 on her interview, and remarked that she did not elaborate on questions, was "in denial concerning employee issues," and "indicated a lack of respect for previous two supervisors." (*Id.* at 1).  The committee ultimately recommended that Fryman hire Schult and Wilson, and Fryman followed that recommendation. (Doc. # 27 at 36-37).

Tuggle's remaining arguments are similarly unconvincing. Tuggle avers that the interview notes contain minimum feedback (Doc. # 35 at 5); yet, each interview file contains two pages of notes that summarize and score each of the interviewee's answers. Next, Tuggle suggests that if Goodwill's "corporate guidelines" were produced they may provide evidence of discrimination. (*Id.*). Such an argument is too little, too late. In response to a motion for summary judgment, the opposing party must point to evidence in the *record* indicating a triable issue of fact, not hypothesize that such facts exist. Tuggle filed this action in November 2012, and discovery closed in March 2014. (Doc. # 14). Tuggle did not alert the Court to any discovery issues and did not file an affidavit under Fed. R. Civ. P. 56(d) indicating that she is missing facts essential to her claim.

Finally, Tuggle points out that interviews contain a subjective component. (Doc. # 35 at 5). As a general matter this is true, but on its own is insufficient to establish pretext. The committee's notes demonstrate that they considered some objective criteria, such as prior retail, mission related, and supervisory experience. (Doc. # 34-1). The committee also provided feedback on how the candidates would perform in a supervisory role, which was based on the candidates' answers to the interview questions – feedback that Fryman no doubt appointed the committee to provide. Nothing indicates that the interview

questions were biased against women. In fact, the committee recommended, and Fryman hired, a woman for one of the RDGM positions because she did so well *in her interview*. There is absolutely no evidence of gender discrimination in this case, and therefore Tuggle's claim is dismissed.

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Defendant Goodwill Industries of Kentucky, Inc.'s Motion for Summary Judgment (Doc. # 34) is hereby **GRANTED**;

(2) Plaintiff Vickie Tuggle's state-law gender discrimination claim pursuant to Ky. Rev. Stat. § 344.040 (Count IV) is hereby **DISMISSED WITH PREJUDICE**; and

(3) A Judgment will be entered contemporaneously herewith.

This 7th day of April, 2015.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\DATA\Opinions\London\12-221 MOO SJ2.wpd